CIVIL ACTION NO. 09-CI-00034            TRIMBLE CIRCUIT COURT
                                                                         DIVISION NO. ___

JONATHAN CASE                                                                   PLAINTIFF

VS.                                 **COMPLAINT**

BECON CONSTRUCTION COMPANY, INC.
       SERVE:    CT Corporation System
                         4169 Westport Road
                         Louisville, KY 40207
and

UNKNOWN DEFENDANTS                                       DEFENDANTS
       SERVE:    Warning Order Attorney

Comes the Plaintiff, Jonathan Case, by counsel, and for his complaint respectfully states herein as follows:

I

The Plaintiff is a citizen and resident of Lincoln, Nebraska.

II

The Defendant, Becon Construction Company, Inc. ("Becon"), is believed to be a foreign corporation which has designated CT Corporation System, 4169 Westport Road, Louisville, KY 40207 as its registered agent for service of process. Said Defendant is being served in this case by delivery of summons and a true and accurate copy of this complaint to CT Corporation System.

III

The Unknown Defendants are those individuals and/or entities, currently unknown to the Plaintiff, and with legal responsibility for the injuries and damages sustained by the Plaintiff and which are the subject of this litigation. The Unknown

Defendants are being constructively served in this case by way of warning order attorney pursuant to the Kentucky Rules of Civil Procedure.

IV

On or about May 28, 2008, in Trimble County, Kentucky, the Plaintiff was employed by Titan Construction Company and was working in Trimble County, Kentucky, as a structural steel welder at the Trimble County Power Plant. Specifically, Plaintiff was in a lift basket when an unknown employee of Defendant Becon negligently and carelessly operated a crane thereby causing a steel ball to strike the Plaintiff thereby causing the injuries and damages which are the subject of this litigation

V

At all times pertinent hereto the Plaintiff exercised an appropriate degree of care for his own safety. The Plaintiff's damages were caused entirely by the negligence and carelessness of the Defendants.

VI

As a direct and proximate result of the negligence and carelessness of each Defendant, the Plaintiff has been injured and damaged. The monetary value of Plaintiff's injuries and damages exceeds the minimum jurisdictional limits of this Court. Plaintiff's injuries and damages may include, but may not specifically be limited to, the following:

    (a)    Medical bills and related expenses;

    (b)    Lost wages and impairment of earning capacity;

    (c)    Physical pain and mental suffering, past, present, and future; and

    (d)    Miscellaneous inconvenience and expense, past, present, and future.

The Plaintiff seeks by this action to recover the full monetary value of his injuries and damages together with all available interest at the maximum legal rate.

VII

The Trimble County Circuit Court has jurisdiction over the parties to and the subject matter of this litigation. This Court is the appropriate venue for resolution of all disputes as between the parties hereto.

WHEREFORE, the Plaintiff respectfully prays this Court for relief as follows:

(a)  For judgment as against the Defendants in an amount exceeding the minimum jurisdictional limits of this Court together with all available interest at the maximum legal rate;

(b)  For Plaintiff's costs incurred in pursuit of this matter including reasonable attorney's fees; and

(c)  For any and all other relief to which it may appear this Plaintiff is entitled including trial by jury.

This 26 day of February, 2009.

HUGHES & COLEMAN
1256 Campbell Lane, Suite 201
P. O. Box 10120
Bowling Green, KY 42102
(270) 782-6003 Ext. 345
FAX (270) 843-0446

_____
Brent Travelsted

**CERTIFICATION**

The undersigned does hereby certify that the following entities have been notified of the pendency of this action by provision of a true and accurate copy of this complaint via

3

certified mail, return receipt requested, for any and all purposes relating to subrogation interests which might be asserted herein, underinsured motorist benefits, or any other purpose which, under law, might mandate notice of the pendency of this action. Pursuant to KRS 411.188, you are respectfully notified that failure to assert subrogation rights in this case by intervention pursuant to Kentucky Civil Rule 24 will result in loss of those rights with respect to any final award received by the plaintiff as a result of this action.

Ann Trevino
American Zurich Insurance Company
P. O. Box 628210
Orlando, FL 32862-8210

| | | |
|---|---|---|
| IN RE: | Our Client: | Jonathan Case |
| | Our File No.: | 331723 |
| | Your Insured: | Titan Contracting & Leasing |
| | Your Claim No.: | 2770059024-001 |
| | DOI: | 5/28/2008 |

Lori Ernest
21st Century Domestic Claims, Inc.
P. O. Box 29062
Phoenix, AZ 85038-9062

| | | |
|---|---|---|
| IN RE: | Our Client: | Jonathan Case |
| | Our File No.: | 331723 |
| | Your Insured: | Becon Construction |
| | Your Claim No.: | 683-219406 |
| | DOI: | 5/28/2008 |

This 26 day of February, 2009.

_____
Attorney for Plaintiff

h&c\case.jonathan\complaint

4

| AOC-105  Doc. Code: CI | | Case No. 09-CI-00034 |
|---|---|---|
| Rev. 1-07  02/25/2009 10:21 am | | Court ☑ Circuit ☐ District |
| Page 1 of 1  Ver. 1.02 | | |
| Commonwealth of Kentucky | | County Trimble |
| Court of Justice  www.courts.ky.gov | CIVIL SUMMONS | |
| CR 4.02; CR Official Form 1 | | |

**PLAINTIFF**

Jonathan   Case

**VS.**

**DEFENDANT**

Becon Construction Company, Inc.

**Service of Process Agent for Defendant:**

CT Corporation System

4169 Westport Road

Louisville                                    Kentucky            40207

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: March 3, 2009                    _Theresa Edwards_ Clerk
                                        By: _Sherryl Hudson_ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this _____ day of _____, 2_____.

Served by: _____

_____ Title

NO. 09-CI-00034 　　　　　　　　　　　　　　　　　　　　　　　　TRIMBLE CIRCUIT COURT

JONATHAN CASE　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF

v.　　　　　　　　　**ANSWER OF DEFENDANT,
　　　　　　　BECON CONSTRUCTION COMPANY, INC.**

BECON CONSTRUCTION COMPANY, INC., *et al.*　　　　　　　　　　　　DEFENDANTS

\* \* \* \* \*

For its Answer to plaintiff's Complaint, defendant BeCon Construction Company, Inc. ("BeCon"), by counsel, states:

### FIRST DEFENSE

1. BeCon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph I of the Complaint, and therefore they are deemed denied.

2. With respect to the allegations contained in paragraph II of the Complaint, BeCon admits that it is not a Kentucky corporation and that it has designated CT Corporation System as its registered agent for service of process.

3. The allegations contained in paragraph III of the Complaint do not pertain to BeCon and therefore no response is required. To the extent a response is required from BeCon, BeCon denies the allegations contained in paragraph III of the Complaint.

4. BeCon admits the allegations contained in the first sentence of paragraph IV of the Complaint. BeCon denies the allegations contained in the second sentence of paragraph IV of the Complaint.

5. BeCon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph V of the Complaint, and therefore they are deemed denied. To the extent the allegations contained in the second sentence of paragraph V of the Complaint are directed to BeCon, BeCon denies them. BeCon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph V of the Complaint to the extent they are directed to other defendants, and therefore they are deemed denied.

6. To the extent that any of the allegations contained in paragraph VI of the Complaint are directed to BeCon, BeCon denies them. BeCon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph VI of the Complaint to the extent they are directed to other defendants, and therefore they are deemed denied.

7. BeCon admits the allegations contained in the first sentence of Paragraph VII of the Complaint. In response to the second sentence of Paragraph VII of the Complaint, BeCon admits that this Court is an appropriate venue for resolution of the claims set forth in the Complaint, but denies that it is "the" appropriate venue.

8. BeCon denies all allegations of the Complaint not specifically admitted herein, including the prayer for relief.

## SECOND DEFENSE

9. The Complaint fails to state a cause of action against BeCon for which relief can be granted.

## THIRD DEFENSE

10.    Plaintiff has failed to join necessary and indispensable parties as required by CR 19.01.

## FOURTH DEFENSE

11.    Plaintiff has improperly joined persons as parties in this action in violation of CR 20.01.

## FIFTH DEFENSE

12.    The injuries and damages about which plaintiff complains were caused in whole or in part by the actions and omissions of third parties over whom BeCon had no control and for which BeCon has no liability.

## SIXTH DEFENSE

13.    The injuries and damages about which plaintiff complains were caused in whole or in part by his own negligence and failure to exercise a reasonable degree of care for his own safety, and such failure was the proximate cause of, or a substantial factor contributing to, plaintiff's alleged injuries and damages.

## SEVENTH DEFENSE

14.    Plaintiff assumed the risk of the injuries and damages about which he complains.

## EIGHTH DEFENSE

15.    Plaintiff has failed to mitigate his injuries and damages, if any.

## NINTH DEFENSE

16.    Plaintiff's claims are barred by the applicable statutes of limitation.

## TENTH DEFENSE

17. Plaintiff's claims are barred by the doctrine of laches.

## ELEVENTH DEFENSE

18. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

## TWELTH DEFENSE

19. To the extent plaintiff has released, settled, compromised, or otherwise received compensation for the injuries he claims to have sustained, any recovery to which plaintiff might otherwise be entitled in this action is thereby barred or reduced, and BeCon is entitled to appropriate set-offs, credits, or deductions.

## THIRTEENTH DEFENSE

20. Plaintiff's claims against BeCon are barred under the Kentucky Workers' Compensation Act, KRS 342.0011 *et seq.*, and the court decisions interpreting it.

## FOURTEENTH DEFENSE

21. BeCon owed no duty to plaintiff.

## FIFTHTEENTH DEFENSE

22. BeCon expressly reserves the right to file further pleadings and to assert additional defenses as the proof develops.

**WHEREFORE**, BeCon requests:

1. that plaintiff's Complaint against it be dismissed with prejudice;

2. that it be awarded its reasonable costs and expenses incurred in this action, including attorney fees; and

3. any other relief to which it may be entitled.

Respectfully submitted,

FULTZ MADDOX HOVIOUS & DICKENS PLC

_____
Scott T. Dickens
Gregory Scott Gowen
2700 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202-3116
(502) 588-2000

Attorneys for BeCon Construction Company

**CERTIFICATE OF SERVICE**

I certify that copies of the foregoing Answer of Defendant, BeCon Construction Company, Inc. were mailed to Brent Travelsted of HUGHES & COLEMAN, 1256 Campbell Lane, Suite 201, P.O. Box 10120, Bowling Green, Kentucky 42102 on this 24th day of March, 2009.

_____
Attorney for BeCon Construction Company

5